IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN YOUNG,<br><br>    Petitioner,<br><br>vs.<br><br>ALAMEDA COUNTY SUPERIOR COURT,<br><br>    Respondent. | No. C 11-06235 EJD (PR)<br><br>ORDER OF DISMISSAL; DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br><br><br>(Docket No. 4) |

Petitioner, a pretrial detainee housed at the Santa Rita County Jail in Dublin, California, filed a petition for a writ of habeas corpus. Because Petitioner is a pretrial detainee, the Court construes the petition as being brought under § 2241.[1] Petitioner has paid the filing fee. Accordingly, his motion for leave to proceed in forma pauperis, (Docket No. 4), is DENIED as moot.

## DISCUSSION

According to the petition, Petitioner was arrested in July 2011, on charges of

---

[1] Such a person is not in custody "pursuant to the judgment of a state court," 28 U.S.C. § 2254, and therefore brings his petition under 28 U.S.C. § 2241(c)(3). McNeely, 336 F.3d at 824 n.1.

Order of Dismissal
G:\PRO-SE\SJ.EJD\HC.11\06235Young_dism (abst).wpd

1  robbery and felony invasion.  (Pet. at 2.)  Petitioner alleges that he has been denied his
2  right to a due process by the prosecution's failure to provide exculpatory evidence
3  before the preliminary hearing in August 2011.  (Pet. at 3-6.)  Petitioner clearly
4  indicates in the petition, signed and dated November 28, 2011, that he is awaiting trial.
5  (Pet. at 2.)

6        This Court has authority to entertain a petition for a writ of habeas corpus by a
7  person in custody, but not yet convicted or sentenced.  See McNeely v. Blanas, 336
8  F.3d 822, 824 n.1 (9th Cir. 2003); Application of Floyd, 413 F. Supp. 574, 576 (D.
9  Nev. 1976).  Although there is no exhaustion requirement for a petition brought under
10 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court
11 abstain and not entertain a pretrial habeas challenge unless the petitioner shows that:
12 1) he has exhausted available state judicial remedies, and 2) "special circumstances"
13 warrant federal intervention.  See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th
14 Cir.), cert. denied, 449 U.S. 1014 (1980); see also Younger v. Harris, 401 U.S. 37, 43-
15 54 (1971); Samuels v. Mackell, 401 U.S. 66, 68-74 (1971) (under principles of comity
16 and federalism, a federal court should not interfere with ongoing state criminal
17 proceedings by granting injunctive or declaratory relief absent extraordinary
18 circumstances).  Special circumstances that might warrant federal habeas intervention
19 before trial include proven harassment, bad faith prosecutions and other extraordinary
20 circumstances where irreparable injury can be shown.  Carden, 626 F.2d at 84
21 (violation of Sixth Amendment right to a speedy trial not alone an extraordinary
22 circumstance).

23       Petitioner has failed to show that special circumstances warrant federal
24 intervention before the trial is held and any appeal is completed.  Accordingly, this
25 Court will abstain and DISMISS the petition without prejudice.  Petitioner's alleged
26 constitutional violations are matters that can and should be addressed in the first
27 instance by the trial court, and then by the state appellate courts, before he seeks a
28 federal writ of habeas corpus.

Order of Dismissal
G:\PRO-SE\SJ.EJD\HC.11\06235Young_dism (abst).wpd       2

Petitioner is advised that he should not file a new federal petition for a writ of habeas corpus unless and until he gets convicted, and then not until his direct appeal and state habeas proceedings have concluded and he has given the state's high court a fair opportunity to rule on each of his claims.

## CONCLUSION

The instant petition is DISMISSED without prejudice to Petitioner's returning to federal court after the conclusion of state proceedings and exhausting his state court remedies.

This order terminates Docket No. 4.

DATED: 6/27/2012

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.EJD\HC.11\06235Young_dism (abst).wpd         3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BRIAN YOUNG,

          Petitioner,

  v.

ALAMEDA COUNTY SUPERIOR COURT,

          Respondent.

Case Number: CV11-06235 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/27/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brian Young BBT 898
Santa Rita County Jail
5325 Broder Blvd.,
Dublin, CA 94568

Dated: 6/27/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk